1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY ALEXANDER,

    Plaintiff,

    v.

C.D.C., and
ARNOLD SCHWARZENEGGER,

    Defendants.

_____/

No. C 09-1289 MHP (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Terry Alexander, an inmate at the Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

The complaint in this action is far from a model of clarity but appears to be an effort to allege an ADA claim. Alexander states that he is a paraplegic in a wheelchair and has not been allowed to sleep in a cell with a bed that complies with ADA requirements. He apparently was housed in a gym while at Kern Valley State Prison without an adequate bed, and requested a bed that complies with ADA requirements. He then was transferred to Salinas Valley and apparently was put in an administrative segregation cell without a bed that complies with ADA requirements to wait for one to open up at the California Medical Facility. He remains in ad-seg without a proper bed.

1

**DISCUSSION**

2          A federal court must engage in a preliminary screening of any case in which a prisoner
3   seeks redress from a governmental entity or officer or employee of a governmental entity.
4   See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any
5   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
6   or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.
7   §1915A(b)(1),(2).

8          Title II of the ADA provides that "no qualified individual with a disability shall, by
9   reason of such disability, be excluded from participation in or be denied the benefits of the
10  services, programs, or activities of a public entity, or be subjected to discrimination by any
11  such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must
12  allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise
13  qualified to participate in or receive the benefit of some public entity's services, programs, or
14  activities; (3) that he was either excluded from participation in or denied the benefits of the
15  public entity's services, programs or activities, or was otherwise discriminated against by the
16  public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason
17  of the plaintiff's disability.  See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

18         Although § 12132 does not expressly provide for reasonable accommodations, one of
19  the implementing regulations does: "A public entity shall make reasonable modifications in
20  policies, practices, or procedures when the modifications are necessary to avoid
21  discrimination on the basis of disability, unless the public entity can demonstrate that making
22  the modifications would fundamentally alter the nature of the service, program, or activity."
23  28 C.F.R. § 35.130(b)(7).

24         Monetary damages are not available under Title II of the ADA absent a showing of
25  discriminatory intent.  See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).
26  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public
27  entity.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate
28  indifference requires: (1) knowledge that a harm to a federally protected right is substantially

United States District Court
For the Northern District of California

2

likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. The entity's duty is to undertake a fact-specific investigation to gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation, giving "primary consideration" to the requests of the disabled individual. Id. The second prong is not satisfied if the failure to fulfill this duty to accommodate results from mere negligence. Id.

Here, the "public entity" that allegedly discriminated against Alexander would have been the CDCR. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' See 42 U.S.C. § 12132.) State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). The complaint, liberally construed, states a claim for a failure to provide a reasonable accommodation. It will be served on the CDCR.

Alexander also submitted documents showing that he has Valley Fever and should not be transferred to certain prisons in the Central Valley of California. There is not a separate claim stated based on his Valley Fever. The existence of Valley Fever does not appear to matter to his ADA claim, as his need for a bed is unrelated to Valley Fever, he is not currently in the Central Valley, and is not on the verge of being transferred there.

Alexander also filed a motion for preliminary injunction that is hardly a model of clarity but appears to seek a expeditious award of money damages due to his belief he will soon die from Valley Fever. A preliminary injunction will not issue for money damages. To the extent plaintiff wants quick action on his ADA claim, the complaint must be served on the defendant and then the case can move forward. The motion for a preliminary injunction

3

1 is premature because the defendant has not yet been served with process or made aware of

2 this action. See generally Fed. R. Civ. P. 65(a)(1) ("court may issue preliminary injunction

3 only on notice to the adverse party"). A new motion for injunctive relief may be filed after

4 defendant has appeared in this action; however, any new motion will need to be much clearer

5 as to the relief plaintiff is requesting and much clearer as to the reasons why such relief

6 should be granted.

## CONCLUSION

8     For the foregoing reasons,

9     1.    Plaintiff's complaint states an ADA claim against the California Department of

10 Corrections and Rehabilitation for failing to accommodate his disability. All other claims and

11 defendants are dismissed.

12     2.    The clerk shall issue a summons and the United States Marshal shall serve,

13 without prepayment of fees, the summons, a copy of the complaint and amendment, a copy of

14 this order, and a copy of all the other documents in the case file upon the California

15 Department of Corrections and Rehabilitation in Sacramento, California.

16     3.    In order to expedite the resolution of this case, the following briefing schedule

17 for dispositive motions is set:

18     a.    No later than **December 11, 2009**, defendant must file and serve a

19 motion for summary judgment or other dispositive motion. If defendant is of the opinion that

20 this case cannot be resolved by summary judgment, it must so inform the court prior to the

21 date the motion is due.

22     b.    Plaintiff's opposition to the summary judgment or other dispositive

23 motion must be filed with the court and served upon defendant no later than **January 15,**

24 **2010**. Plaintiff must bear in mind the following notice and warning regarding summary

25 judgment as he prepares his opposition to any summary judgment motion:

26     The defendants may make a motion for summary judgment by which they seek to have
your case dismissed. A motion for summary judgment under Rule 56 of the Federal

27 Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what
you must do in order to oppose a motion for summary judgment. Generally, summary

28 judgment must be granted when there is no genuine issue of material fact -- that is, if

4

*United States District Court*
*For the Northern District of California*

there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **January 29, 2010**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

/ / /

/ / /

5

1    8.      Plaintiff's motion for injunctive relief is DENIED.  (Docket # 8.)

2    IT IS SO ORDERED.

3    Dated: October _5_, 2009

_____
Marilyn Hall Patel
United States District Judge

United States District Court
For the Northern District of California

6