UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY ALEXANDER,   No. C 09-1289 MHP (pr)

    Plaintiff,   **ORDER OF DISMISSAL**

  v.

C.D.C. and
ARNOLD SCHWARZENEGGER,

    Defendants.
                                    /

## INTRODUCTION

In his pro se prisoner's complaint, plaintiff alleged that he had been denied his rights under the Americans With Disabilities Act ("ADA"). Liberally construing the complaint, plaintiff alleged that he was in a wheelchair and needed a wheelchair-accessible bed, but that prison officials would not provide him with a bed that complied with ADA requirements while at several California prisons.

Defendant moves to dismiss on the ground that plaintiff did not comply with the requirement that he exhaust administrative remedies before he filed this action. Plaintiff opposes the motion, contending that his inmate appeal was granted at the first level of review and therefore did not need to pursue his inmate appeal any further. For the reasons discussed below, the action will be dismissed for non-exhaustion of administrative remedies.

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Plaintiff did not exhaust the administrative remedies available to him. Defendant

1 presented evidence that the CDCR has no record that plaintiff ever filed an inmate appeal
2 that (a) concerned the claim asserted in his complaint and (b) received a decision at the
3 director's level before he filed this action.

4       Plaintiff argued that in opposition to the motion that "[t]he administration granted his
5 appeal at the First Level, thereby alleviating any further exhaustion requirements."
6 Opposition, p. 2. The inmate appeal to which he apparently refers does not support this
7 characterization. Plaintiff did file a "reasonable modification or accommodation request"
8 form dated June 3, 2008, in which he explained that he was in a wheelchair, that he needed
9 help getting in and out of bed, and that he should be put in a level 3 rather than a level 4
10 housing unit. Lewis Decl., Ex. A, p. 1. The request was assigned log number 08-1396. The
11 request was not granted as plaintiff suggests but instead had a check mark in the "denied"
12 box. Id. at 2. The reviewer's note stated that plaintiff had been sent a few months earlier for
13 neurological testing to substantiate his medical conditions and disabilities through objective
14 testing, that the "limited study revealed normal results. The [inmate] refused further testing."
15 Id. The reviewer also wrote that plaintiff's request for level 3 rather than level 4 housing
16 appeared to be a custody issue rather than a medical needs issue, and that his refusal to
17 submit to medical testing "limits our ability to fully assess his medical needs." Id. This
18 response did not grant him any relief.

19       The instructions at the top of the accommodation request form directed the inmate
20 what to do if he disagreed with the decision: "If you do not agree with the decision on this
21 form, you may pursue further review. The decision rendered on this form constitutes a
22 decision at the FIRST LEVEL of review. [¶] To proceed to SECOND LEVEL, attach this
23 form to an Inmate/Parolee Appeal Form (CDC 602) and complete section 'F' of the appeal
24 form. [¶] Submit the appeal with attachment to the Appeal's Coordinator's Office within 15
25 days of your receipt of the decision rendered on this request form." Id. at 1. There is no
26 evidence that plaintiff followed these instructions or even attempted to pursue this inmate
27 appeal any further after the accommodation request was denied initially. The fact that his
28 claim concerns an ADA issue does not excuse exhaustion because a prisoner suing under the

3

1  ADA or Rehabilitation Act must exhaust prison administrative remedies, notwithstanding the
2  absence of a federal administrative exhaustion requirement in those statutes.  See O'Guinn v.
3  Lovelock Correctional Center, 502 F.3d 1056, 1061 (9th Cir. 2007).

4  Plaintiff did attach several inmate appeals to his complaint, but none of them
5  concerned the issue in the complaint, none of them complied with the directions on the
6  accommodation request form, and none of them received a decision at the director's level.  In
7  one, he complained that being housed in the gym was a fire hazard and asked for a transfer to
8  another prison due to medical problems and fire hazard.  The response at the informal level
9  was that his medical issue was duplicative of log number 08-1396 and that he had to file a
10 separate grievance about his fire hazard concerns.  Complaint, Exs. at CDC-602 dated 9/5/08.
11 This was not a grant of relief.  The note that it was duplicative of log number 08-1396 (i.e.,
12 the accommodation request form discussed above) apparently was because he had started a
13 new inmate appeal at the informal level rather than complying with the direction on the
14 accommodation request form be attached to an inmate appeal and presented to the second
15 level of appeal.  The inmate appeal form he submitted was not at the second level and did not
16 have attached to it the accommodation request form with that reviewer's response on it.   The
17 rejection of the September 5, 2008 CDC-602 inmate appeal form as duplicative was not a
18 grant of relief, nor did it suggest that plaintiff did not need to pursue the accommodation
19 request appeal further.

20 Plaintiff also filed another inmate appeal on September 17, 2008, requesting that he be
21 transferred "due to medical problems."  Complaint Exs. at CDC-602 dated 9/17/08.  The
22 response at the informal level was "You have already been referred for transfer to CMF or
23 CCM."  Id.  The request and response concerned a transfer to a different prison and did not
24 exhaust the issue in the complaint because plaintiff did not request a wheelchair-accessible
25 bed, and the reviewer did not indicate that such a bed had been granted.   Bearing in mind
26 that the claim in plaintiff's complaint is that his ADA rights were violated because he did not
27 receive a wheelchair-accessible bed, it is clear that none of the forms attached to the
28 complaint requested that relief.

4

A prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. at 84. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 83-84. Plaintiff did not. He never received a director's level decision, as required for exhaustion of administrative remedies by a California prisoner. Defendant has carried the burden to prove that plaintiff did not satisfy the exhaustion requirement with regard to his ADA claim. The action must be dismissed without prejudice.

## CONCLUSION

Defendant's motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 25.) This action is dismissed without prejudice.

In light of the dismissal, plaintiff's request for monetary relief and early release is DENIED. (Docket # 11.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 23, 2010

Marilyn Hall Patel
United States District Judge

5